FIREMEN AND POLICEMEN BARGAINING AGENT A city does not have the right to establish standards and procedures for the selection of the bargaining agent for firefighters or policemen under the "Firefighters' and Policemen's Arbitration Law". Corporate authorities must recognize a bargaining agent selected by a majority of the permanent paid firefighters or policemen employed in the city, town or municipality, unless and until recognition of such bargaining agent is withdrawn by a vote of the majority of the firefighters or policemen in said city, town or municipality. The Attorney General has considered your request for an opinion contained in your letter dated November 5, 1971, wherein you set out certain facts and ask the following two questions: "1. Does the City have the right to establish standards and procedures for the selection of the 'bargaining agents' for the firefighters and/or policemen? "2. Is it mandatory that the corporate authorities recognize the 'bargain agent' selected by a majority of the permanent paid members of either the firefighters or policemen when such selection was made by an election open to vote by every member of either department, and which such fact has been communicated and certified to the City Commission?" The answers to your questions will be primarily governed by the provisions of 11 O.S. 548.1 [11-548.1] through 11 O.S. 548.14 [11-548.14] (1971), which is entitled "Firefighters' and Policemen's Arbitration Law". In regard to your first question, the Act does not contain any express provisions which would authorize the City to establish standards and procedures for the selection of the "bargaining agent" for firefighters or policemen. Conversely, the Act does provide in Section 11 O.S. 548.3 [11-548.3] that "unfair labor practices" shall be deemed to include actions by corporate authorities in dominating or interfering with the formation, existence or administration of any employee organization or bargaining agent. In case decisions, interpreting similar provisions contained in the National Labor Relations Act, it has been held that such provisions are for the purpose of averting employer influence, benevolent or malevolent, over union aspirations and activities of employees. In this regard, see New York State Labor Relations Board v. Interborough News Company, 10 N.Y.S.2d 396, 170 Misc. 347. It is immaterial to a charge of violating the statute that the domination and control by the employer had in fact not engendered, or indeed had obviated, serious labor disputes in the past, or that any company interference had been incident rather than fundamental, and with good motives. N.L.R.B. v. New Port News Ship Building and Dry Dock Company, 60 S.Ct. 203, 308 U.S. 241, 84 L.Ed. 219; N.L.R.B. v. Southwestern Greyhound Lines, C.C.A. 8,126 F.2d 883. The following language is found in 51 C.J.S., Labor Relations, 163 at page 920. "The employer must take no part in the original formation or in the maintenance of a labor organization for collective bargaining, even though he may be actuated by good motives, and in a contest between rival unions for the right to represent the employees he must remain neutral." (Emphasis added) In your second question you ask whether "it is mandatory that the corporate authorities recognize the 'bargaining agent' selected by a majority of the permanent paid members of either the firefighters or policemen when such selection was made by an election open to vote by every member of either department, and when such fact has been communicated and certified to the City Commission". Title 11 O.S. 548.5 [11-548.5] (1971) provides as follows: "The bargaining agent selected by a majority of the firefighters or policemen in any city, town or municipality shall be recognized by the corporate authorities as the sole and exclusive bargaining agent for all firefighters or policemen employed in the city, town or municipality, unless and until recognition of such bargaining agent is withdrawn by a vote of a majority of the firefighters or policemen in said city, town, or municipality." (Emphasis added) In regard to the use of the word "shall" in the above quoted section, the Supreme Court of Oklahoma said in the case of State ex rel Ogden v. Hunt, 286 P.2d 1088,1090, as follows: "In common, or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which is always, or which must be given a compulsory meaning; as denoting obligation. It has a preemptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning or when addressed to public officials, or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears; but the context ought to be very strongly persuasive before it is softened into mere permission An employer presented with a demand for recognition by a union may withhold recognition until the union's representation claims are established by satisfactory evidence that it represents a majority of the employees. However, a refusal of, or delay in, recognition for the purpose of gaining time in which to undermine the union or dissipate its claimed majority has been held to be "bad faith" and a violation of the National Labor Relations Act. N.L.R.B. v. Epstein, C.A. 3,203 F.2d 482, cert. den. Epstein v. N.L.R.B.,74 S.Ct. 474, 347 U.S. 912, 98 L.Ed. 1068; N.L.R.B. v. Jackson Press, Inc., C.A. 7, 201 F.2d 541. Section 548.14 of the Oklahoma Firefighters' and Policemen's Arbitration Law, provides in part: ". . .And it shall further be unlawful for any official, executive, administrator, manager, or member of a governing body exercising the authority to fix and determine the salaries, hours of work, and employment conditions of any paid fire or police department of a municipality failed to bargain in good faith in accordance with the provisions of this Act. Any person or persons guilty of violating the provisions of this Act shall be fined not less than Ten Dollars ($10.00) nor more than One Hundred Dollars ($100.00) for such offense, and each day during which said violation occurs or continues shall constitute a separate offense, and any such conviction shall be grounds for immediate dismissal from public employment, for any persons so employed." Once the bargaining agent has been selected under the requirements prescribed by statute, and the bargaining agent has complied with the city's request that it be furnished with proof that the bargaining agent represents a majority of the firefighters or policemen, it then becomes the duty of the city to proceed to bargain or to establish its good-faith reasons for not complying with the statutory requirement that it recognize the bargaining agent so selected. The evidence submitted by the bargaining agent may consist of any one of several means to appropriately show that the union represents the majority. Employees may designate an organization as their representative by signing a statement of express authorization, or by signing a membership or checkoff card, or by signing an application for membership in the organization, the results of an election, or otherwise. It is significant to note here that the provisions of the "Firefighters' and Policemen's Arbitration Law" uses the word "selected" as opposed to making any specific designation, such as an election. For discussion of the authorities in support of the above, see 51 C.J.S., Labor Relations, 172, 380 and 162. It is the opinion of the Attorney General that your first question be answered in the negative. A city does not have the right to establish standards and procedures for the selection of the bargaining agent for firefighters or policemen under the "Firefighters' and Policemen's Arbitration Law". It is the opinion of the Attorney General that your second question be answered in the affirmative. Corporate authorities must recognize a bargaining agent selected by a majority of the permanent paid firefighters or policemen employed in the city, town or municipality, unless and until recognition of such bargaining agent is withdrawn by a vote of the majority of the firefighters or policemen in said city, town or municipality. (Marvin C. Emerson)